UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Dawn R.,[1] | ) | No. 4:22-cv-02407-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KILOLO KIJAKAZI,[2] | ) | |
| Acting Commissioner of the | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

This matter comes before the Court on Plaintiff's Motion for Attorney's Fees under 28 U.S.C. § 2412(d). (DE 13.) Plaintiff seeks approval of attorney's fees for his services on behalf of Plaintiff in federal court in the amount of $2,173.17, which represents 5.50 hours of the attorney's time and 8.00 hours of paralegal time multiplied by hourly rates ($228.75 and $114.38, respectively), that do not exceed the rate specified in the Equal Access to Justice Act, adjusted for inflation and costs in the amount of $402.00. (DE 13-3, pp. 1-2.) The Defendant has advised the Court that she does not oppose the request for attorney's fees in the amount of $2,173.17 and costs in the amount of $402.00. (DE 14.)

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Under 42 U.S.C. § 406(b)(1), a district court may award fees to a successful Social Security benefits claimant's lawyer for his representation before the court. ("Whenever a court renders a judgment favorable to a claimant … who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]"). The Court has reviewed the Plaintiff's motion in light of the standards set forth in Grisbrecht v. Barnhart, 535 U.S. 789, 808 (2002). The Court finds that pursuant to the Grisbrecht standards the proposed fee is reasonable and grants the Plaintiff's motion to approve the fees $2,173.17 and costs in the amount of $402.00. Full or partial remittance of the EAJA award will be contingent upon a determination by the Government that Plaintiff owes no qualifying, pre-existing debt(s) to the Government. If such a debt(s) exists, the Government will reduce the EAJA award in this Order to the extent necessary to satisfy such debt(s).

**IT IS SO ORDERED.**

_____
Joseph Dawson, III
United States District Judge

Florence, South Carolina
March 29, 2023